**Arthur WHITE etc., Appellant,**

v.

**KENTUCKY ALCOHOLIC BEVERAGE CONTROL BOARD et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 4, 1966.

suance of the licenses is suspended pending the appeal to the Court of Appeals.

Appellant contends that the granting of the licenses to appellee Walgreen Drug Company constituted a monopoly due to the "multiple ownership" of other stores by the drug company and that the granting of such licenses would constitute a "threat of monopoly and danger to free, individual, competitive enterprise." We are not furnished with citation of any authority in support of this position; and, offhand, we do not think of any.

The judgment is affirmed.

Edward F. Prichard, Jr., Frankfort, for appellant.

Frank M. Dailey, Frankfort, Thomas P. Bell, Lexington, for appellees.

HILL, Judge.

Appellee Walgreen Drug Company was granted retail liquor and beer licenses for one of its stores located at 38th Street and Winston Avenue in the City of Covington. Appellant Arthur White protested the order of the Kentucky Alcoholic Beverage Control Board granting the licenses and prosecuted an appeal to the circuit court, where the action of the Board was upheld; thereafter, he appealed to this court.

KRS 243.580 provides that in our present situation an order of the Board issuing license shall not become effective until the appeal in circuit court has been finally determined. The statute governing appeals to the Court of Appeals is silent with respect to the effective date of the license. So, to say the least, the granting of the licenses by the Board must be suspended during the prosecution of appeal to the circuit court. We are not called upon in this case to determine whether or not the is-